UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

G&C INVESTMENT CORP.,

    Debtor.

_____/

MARCIA T. DUNN, Chapter 7
Trustee of the Bankruptcy Estate
of G&C INVESTMENT CORP.,

    Plaintiff,

v.

AMERICAN EAGLE SERVICES
GROUP, INC, a District of Columbia
corporation, AESG CAPITAL, INC.,
a  District of Columbia corporation,
and PAUL MAUCHA, an individual,

    Defendants.

_____/

Case No.: 17-20150-LMI
Chapter 7

Adv. Case No.: _____

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT
TRANSFERS, FRAUD, UNJUST ENRICHMENT AND CONVERSION**

    Marcia T. Dunn, as Chapter 7 trustee of the bankruptcy estate of G&C Investment Corp.

("***Trustee***"), sues American Eagle Services Group, Inc. ("***AESG***"), AESG Capital, Inc. ("***AESG***

***Cap***"), and Paul Maucha ("***Mr. Maucha,***" and collectively with AESG and AESG Cap, the

"***Defendants***"), and alleges as follows:

**I.**      **JURISDICTION AND VENUE**

    1.    This is an adversary proceeding brought pursuant to *Fed. R. Bank. P.* 7001, 11

U.S.C. § 541, 544, 548 and 550, Chapter 726, Fla. Stat., and other applicable law.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

4.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    PARTIES

5.    The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of G&C Investment Corp. (the "*Debtor*") and brings this action solely in her capacity as trustee.

6.    AESG is a District of Columbia corporation that conducts business in Miami-Dade County, Florida.

7.    AESG Cap is a District of Columbia corporation that conducts business in Miami-Dade County, Florida.

8.    Mr. Maucha is an individual residing in Washington DC, is over the age of 18, and is *sui juris*.

## III.    PROCEDURAL BACKGROUND

9.    On August 10, 2017 (the "*Petition Date*"), this case was commenced by the filing of an involuntary petition for relief under Chapter 7, Title 11 of the United States Bankruptcy Code (the "*Bankruptcy Case*").

10.    On November 7, 2017, the Court entered its *Order for Relief in Involuntary Case* (the "*Relief Date*").

11.    On December 20, 2017, the Trustee was appointed as the duly authorized and acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

IV.    **GENERAL BACKGROUND**

A.    **Mr. Garrido's Fraud Through the Debtor**

12.    As early as 2010, Mr. Jorge Garrido caused the Debtor to raise monies from investors to purportedly invest in different ventures – ranging from gem deals, funding start up projects, participating in humanitarian platforms, and commodities trading.  The common theme for all the investments was the false promise of generating large returns in a very short period of time, and in exchange the Debtor would earn a relatively small advance fee.

13.    Mr. Garrido was the Debtor's owner, officer and controlling person.

14.    On October 1, 2018, Mr. Garrido was indicted by the United States of America as a result of the fraud he orchestrated through the Debtor (the ***"Indictment"***).

15.    On May 23, 2019, Mr. Garrido pled guilty to a number of his crimes alleged in the Indictment, and on August 7, 2019, Mr. Garrido was sentenced to 70 months in federal prison and ordered to pay over $5,000,0000 in restitution.  Attached as **Exhibit A** is Mr. Garrido's Factual Proffer admitting to his crimes and his fraud (the "***Fraud***").

B.    **AESG, AESG CAP, and Mr. Maucha Receive Improper Transfers from the Debtor**

16.    Prior to the Petition Date, the Debtor transferred $400,000 to AESG (the ***"Transfers"***).

17.    Attached as **Exhibit B** is a schedule of the Transfers.  The Trustee reserves the right to amend this schedule based on additional information obtained during discovery in this adversary proceeding.

18.    The Debtor made the Transfers to AESG pursuant to an "MOU & Working Agreement" between AESG Cap and the Debtor, which was entered into on April 16, 2016 (the ***"Agreement"***).  A copy of the Agreement is attached as **Exhibit C**.

19.     Specifically, AESG Cap represented in the Agreement:

Whereas, AESG has an existing relationship with a Bank Trade Group which offers a limited investment opportunity that requires a total participation fee of $1,000,000.

Whereas, G & C Investments has $400,000 to invest in a short-term SBLC monetization opportunity for a shared interest of proceeds derived from the completion of the transaction.

Whereas, AESG will arrange for the balance of funding that is sufficient to initiate the SBLC monetization transaction.

After receiving the $400,000.00 AESG will procure an SBLC. AESG has the availability of such an instrument and will procure the same immediately upon receipt of the funds from G&C, and will notify G&C when the SBLC is obtained.

Whereas, AESG will secure a $50M SBLC from a top tier bank to be delivered in one tranche.

When the SBLC is obtained AESG will arrange for an investment program to commence with in a manner to allow the return to be paid to G&C within 2/3 business days after delivery to AESG of the $400,000.

Within said 2/3 business days AESG will pay to the account designated by G&C below the sum of $4,000,000, less nominal bank delivery fees.

AESG is responsible for all aspects of the transaction other than delivery of the $400,000.00 and if any of the process shall fail there shall be a default and AESG will immediately return to G&C the $400,000.00.  If any of the above timing shall not be met it shall be considered a default triggering return of the $400,000.00, whether or not a SBLC has been purchased by AESG.

Collectively, the **"Representations."**

20.     The Debtor relied on the Representations, and as a result, made the Transfers to

AESG.

21.     The Representations were false, which falsity was known by AESG, AESG Cap,

and Mr. Maucha.

22.     Mr. Maucha, the owner of AESG and AESG Cap, executed the Agreement.

23.     In exchange for the Transfers, the Debtor never received $4,000,000 from AESG.

24.     On multiple occasions, the Debtor demanded from the Defendants the return of the

Transfers.

25.     Despite numerous promises by Mr. Maucha to return the Transfers to the Debtor, the Transfers have not been returned and the Defendants have kept the Transfers.

26.     Neither AESG nor AESG Cap provided any consideration to the Debtor in exchange for the Transfers.

27.     The Debtor was insolvent at all relevant times by virtue of the fact the Debtor was an entity engaged solely in fraudulent activities and was always unprofitable, had no meaningful assets other than funds which accompanied an obligation (either debt or equity) equal to or more than the funds themselves, and the numerous tort and other claims held by investors defrauded by the Debtor, which claims (in pertinent part) preceded the Transfers.

28.     All conditions precedent to the filing of this action have been performed, have occurred, or have been waived.

### COUNT I
### Fla. Stat. §§ 726.105(1)(a) and 726.108
### Against AESG

29.     The Trustee reasserts the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30.     The Debtor made the Transfers to AESG within four years of the Petition Date.

31.     AESG is the initial transferee of the Transfers.

32.     The Debtor made the Transfers to AESG with the actual intent to hinder, delay, or defraud the Debtor's creditors.

**WHEREFORE**, the Trustee requests that the Court enter judgment in favor of the Trustee and against AESG (i) avoiding the Transfers pursuant to Section 726.105(1)(a), Fla. Stat., and or otherwise applicable law; (ii) awarding the Trustee a money judgment in an amount equal to the

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

amount or value of the Transfers, plus interest and costs, pursuant to Section 726.108, Fla. Stat., and (iii) granting such other and further relief as this Court shall deem appropriate.

<u>**COUNT II**</u>
**Fla. Stat. §§ 726.105(1)(b) and 726.108**
**Against AESG**

33.    The Trustee reasserts the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

34.    The Debtor made the Transfers to AESG within four years of the Petition Date.

35.    AESG is the initial transferee of the Transfers.

36.    The Debtor made the Transfer to AESG without receiving reasonably equivalent value in exchange for the Transfers.

37.    At the time of the Transfers, the Debtor was engaged in, or was about to engage in, a business or a transaction for which the remaining assets were unreasonably small in relation to the business or transaction.

38.    At the time of the Transfers, the Debtor intended to incur or believed that it would incur, debts that were beyond its ability to pay as such debts matured.

39.    At the time the Transfers was made, the Debtor had at least one unsecured creditor that could have avoided such transfer(s).

40.    By reason of the foregoing, the Transfers to AESG are avoidable and recoverable pursuant to  Sections 726.105(1)(b) and 726.108, Fla. Stat., and or otherwise applicable law.

**WHEREFORE**, the Trustee requests that the Court enter judgment in favor of the Trustee against AESG (i) avoiding the Transfers pursuant to Section 726.105(1)(b), Fla. Stat., and or otherwise applicable law; (ii) awarding the Trustee a money judgment in an amount equal to the

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

amount or value of the Transfers, plus interest and costs, pursuant to Section 726.108, Fla. Stat., and (iii) granting such other and further relief as this Court shall deem appropriate.

**COUNT III**
**Fla. Stat. §§ 726.106(1) and 726.108**
**Against AESG**

41.     The Trustee reasserts the allegations in paragraphs 1 through 28 as if fully set forth herein.

42.     The Debtor made the Transfers to AESG within four years of the Petition Date.

43.     AESG is the initial transferee of the Transfers.

44.     The Debtor made the Transfers to AESG without receiving reasonably equivalent value in exchange for the Transfers.

45.     At the time of the Transfers, the Debtor was insolvent or became insolvent as a result of the Transfers.

46.     At the time the Transfers was made, the Debtor had at least one unsecured creditor that could have avoided such transfer(s).

47.     By reason of the foregoing, the Transfers to AESG are avoidable and recoverable pursuant to  Sections 726.106(1) and 726.108, Fla. Stat., and or otherwise applicable law.

**WHEREFORE**, the Trustee requests that the Court enter judgment in favor of the Trustee against AESG (i) avoiding the Transfers pursuant to Section 726.106, Fla. Stat., and or otherwise applicable law; (ii) awarding the Trustee a money judgment in an amount equal to the amount or value of the Transfers, plus interest and costs, pursuant to Section 726.108, Fla. Stat., and (iii) granting such other and further relief as this Court shall deem appropriate.

7

<u>**COUNT IV**</u>
**11 U.S.C. §§ 548(a)(1)(A) and 550**
**Against AESG**

48.     The Trustee reasserts the allegations set forth in paragraphs 1 through 28 as if fully

set forth herein.

49.     The Debtor made the Transfers to AESG within two years of the Petition Date.

50.     AESG is the initial transferee of the Transfers.

51.     The Debtor made the Transfers to AESG with the actual intent to hinder, delay, or

defraud the Debtor's creditors.

**WHEREFORE**, the Trustee requests that the Court enter judgment in favor of the Trustee

and against AESG (i) avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(A), and or

otherwise applicable law; (ii) awarding the Trustee a money judgment in an amount equal to the

amount or value of the Transfers, plus interest and costs, pursuant to Section 11 U.S.C. § 550, and

(iii) granting such other and further relief as this Court shall deem appropriate.

<u>**COUNT V**</u>
**11 U.S.C. §§ 548(a)(1)(B) and 550**
**Against AESG**

52.     The Trustee reasserts the allegations set forth in paragraphs 1 through 28 as if fully

set forth herein.

53.     The Debtor made the Transfers to AESG within two years of the Petition Date.

54.     AESG is the initial transferee of the Transfers.

55.     The Debtor made the Transfers to AESG without receiving reasonably equivalent

value in exchange for the Transfers.

56.     At the time of the Transfers, the Debtor was insolvent on the date the Transfers

were made, or became insolvent as a result of the Transfers.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

57.    At the time of each of the Transfers, the Debtor was engaged in, or was about to engage in, a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

58.    At the time of the Transfers, the Debtor intended to incur or believed that it would incur, debts that were beyond its ability to pay as such debts matured.

59.    By reason of the foregoing, the Transfers to AESG are avoidable and recoverable pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

**WHEREFORE**, the Trustee requests that the Court enter judgment in favor of the Trustee and against AESG (i) avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and or otherwise applicable law; (ii) awarding the Trustee a money judgment in an amount equal to the amount or value of the Transfers, plus interest and costs, pursuant to Section 11 U.S.C. § 550, and (iii) granting such other and further relief as this Court shall deem appropriate.

## COUNT VI
### Unjust Enrichment
### Against AESG and Mr. Maucha

60.    The Trustee reasserts the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

61.    The Trustee pleads this count in the alternative to her legal claims.

62.    The Trustee does not have an adequate remedy at law, and therefore, is entitled to relief under the equitable doctrine of unjust enrichment.

63.    The Debtor conferred a benefit on AESG by virtue of the Transfers.

64.    AESG had knowledge of the benefit of the Transfers conferred upon them.

65.    AESG voluntarily accepted and retained the benefit of the Transfers conferred upon them.

9

66.     Under the circumstances, it would be inequitable for AESG to retain the benefit of the Transfers conferred upon them.

**WHEREFORE**, the Trustee requests that the Court enter judgment in favor of the Trustee and against AESG in the amount of the Transfers, plus interest and costs, and granting such other and further relief as this Court shall deem appropriate.

## COUNT VII
### FRAUD
### Against AESG, ASEG Cap, and Mr. Maucha

67.     The Trustee reasserts the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

68.     The Debtor made the Transfers to AESG pursuant to the Agreement.

69.     Specifically, Mr. Maucha, through AESG Cap, made the following Representations in the Agreement:

Whereas, AESG has an existing relationship with a Bank Trade Group which offers a limited investment opportunity that requires a total participation fee of $1,000,000.

Whereas, G & C Investments has $400,000 to invest in a short-term SBLC monetization opportunity for a shared interest of proceeds derived from the completion of the transaction.

Whereas, AESG will arrange for the balance of funding that is sufficient to initiate the SBLC monetization transaction.

After receiving the $400,000.00 AESG will procure an SBLC. AESG has the availability of such an instrument and will procure the same immediately upon receipt of the funds from G&C, and will notify G&C when the SBLC is obtained.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

Whereas, AESG will secure a $50M SBLC from a top tier bank to be delivered in one tranche.

When the SBLC is obtained AESG will arrange for an investment program to commence with in a manner to allow the return to be paid to G&C within 2/3 business days after delivery to AESG of the $400,000.

Within said 2/3 business days AESG will pay to the account designated by G&C below the sum of $4,000,000, less nominal bank delivery fees.

AESG is responsible for all aspects of the transaction other than delivery of the $400,000.00 and if any of the process shall fail there shall be a default and AESG will immediately return to G&C the $400,000.00. If any of the above timing shall not be met it shall be considered a default triggering return of the $400,000.00, whether or not a SBLC has been purchased by AESG.

70.    Specifically, Mr. Maucha, through AESG Cap, knowingly misrepresented to the Debtor that if the Debtor transferred $400,000 to AESG, then AESG would invest the money in a "short-term SBLC monetization opportunity" and within "2/3 business days AESG will pay to the account designated by the [Debtor] the sum of $4,000,000, less nominal bank delivery fees."

71.    The Representations were false, which falsity was known by AESG, AESG Cap, and Mr. Maucha,

72.    It was the intent of AESG, AESG Cap, and Mr. Maucha for the Debtor to rely on the false Representations.

73.    The Debtor relied on the Representations, and as a result, made the Transfers to AESG.

74.    Despite receiving the Transfers from the Debtor, AESG Cap never invested in the "short-term SBLC monetization opportunity"

75.    As a result of AESG, AESG Cap, and Mr. Maucha's fraud, and the Debtor's reasonable reliance thereon, the Debtor has suffered $400,000 in damages.

**WHEREFORE**, the Trustee requests that the Court enter judgment in favor of the Trustee against AESG, AESG Cap, and Mr. Maucha (i) in the amount of $400,000, plus pre- and post-

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

judgment interest; and (ii) granting such other and further relief as this Court shall deem appropriate.

<u>**COUNT VIII**</u>
**Conversion**
**Against AESG, ASEG Cap, and Mr. Maucha**

76.     The Trustee reasserts the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

77.     The Debtor made the Transfers to AESG pursuant to the Agreement.

78.     Specifically, Mr. Maucha, through AESG Cap, made the following Representations in the Agreement:

Whereas, AESG has an existing relationship with a Bank Trade Group which offers a limited investment opportunity that requires a total participation fee of $1,000,000.

Whereas, G & C Investments has $400,000 to invest in a short-term SBLC monetization opportunity for a shared interest of proceeds derived from the completion of the transaction.

Whereas, AESG will arrange for the balance of funding that is sufficient to initiate the SBLC monetization transaction.

After receiving the $400,000.00 AESG will procure an SBLC. AESG has the availability of such an instrument and will procure the same immediately upon receipt of the funds from G&C, and will notify G&C when the SBLC is obtained.

Whereas, AESG will secure a $50M SBLC from a top tier bank to be delivered in one tranche.

When the SBLC is obtained AESG will arrange for an investment program to commence with in a manner to allow the return to be paid to G&C within 2/3 business days after delivery to AESG of the $400,000.

Within said 2/3 business days AESG will pay to the account designated by G&C below the sum of $4,000,000, less nominal bank delivery fees.

AESG is responsible for all aspects of the transaction other than delivery of the $400,000.00 and if any of the process shall fail there shall be a default and AESG will immediately return to G&C the $400,000.00. If any of the above timing shall not be met it shall be considered a default triggering return of the $400,000.00, whether or not a SBLC has been purchased by AESG.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

79.     Specifically, Mr. Maucha, through AESG Cap, knowingly misrepresented to the Debtor that if the Debtor transferred $400,000 to AESG, then AESG would invest the money in a "short-term SBLC monetization opportunity" and within "2/3 business days AESG will pay to the account designated by the [Debtor] the sum of $4,000,000, less nominal bank delivery fees."

80.     The Representations were false, which falsity was known by AESG, AESG Cap, and Mr. Maucha,

81.     It was the intent of AESG, AESG Cap, and Mr. Maucha for the Debtor to rely on the false Representations.

82.     The Debtor relied on the Representations, and as a result, made the Transfers to AESG.

83.     Despite receiving the Transfers from the Debtor, AESG Cap never invested in the "short-term SBLC monetization opportunity"

84.     As a result of AESG, AESG Cap, and Mr. Maucha's fraud, and the Debtor's reasonable reliance thereon, the Debtor has suffered $400,000 in damages.

85.     Instead of investing the Transfers in a "short-term SBLC monetization opportunity," AESG, AESG Capital, and Mr. Maucha converted the Transfers for their own use, which $400,000 was property of the Debtor.

86.     On numerous occasions, the Debtor informed Mr. Maucha that continued possession of the $400,000 was no longer permitted and demanded the return of same.  Despite Mr. Maucha's promises to the Debtor to return the $400,000, the money was never returned.

87.     As a result, the Debtor has suffered at least $400,000 in damages.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

**WHEREFORE**, the Trustee requests that the Court enter judgment in favor of the Trustee and against AESG, AESG Cap, and Mr. Maucha in favor of the Trustee (i) in the amount of $400,000, plus pre- and post-judgment interest; and (ii) granting such other and further relief as this Court shall deem appropriate.

Dated: November 5, 2019.

Respectfully submitted,

s/ Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire
Florida Bar No. 592749
dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for the Trustee*

and

Michael P. Dunn, Esq.
Florida Bar No. 100705
michael.dunn@dunnlawpa.com
DUNN LAW, P.A.
66 West Flagler Street, Suite 400
Miami, Florida 33130
Telephone: (786) 433-3866
Telecopy: (786) 260-0269
*Co-Counsel for Plaintiff, Marcia T. Dunn,*
*as Chapter 7 Trustee*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 18-20784-CR-ALTONAGA**

UNITED STATES OF AMERICA,

v.

JORGE GARRIDO,

      Defendant.

_____/

### FACTUAL PROFFER

     Had this case proceeded to trial, JORGE GARRIDO and the Government agree that the Government would have proven the following facts beyond a reasonable doubt. The parties agree that these facts, which are true, do not include all facts known to the Government and the defendant relating to the Indictment. The parties agree that these facts are sufficient to prove the guilt of the Defendant as to Count 1 of the above-referenced Indictment:

     From in or around 2010, through in or around June 2017, in the Southern District of Florida and elsewhere, the Defendant conspired with Peter Block and others, to defraud certain individuals. This Defendant and others participated in a scheme to defraud that raised money from advance fees, purportedly for, among other things, funding start-up projects, participating in humanitarian platforms, monetizing bank instruments, and engaging in platform trading. The victims relied on the Defendant's materially false and fraudulent representations, and then GARRIDO and others misappropriating these advance fees for the defendant and his co-conspirators' personal use.

     This conspiracy occurred by means of materially false and fraudulent pretenses, as well as material omissions, to knowingly devise a scheme and artifice to defraud and to obtain money and property through the delivery of certain wire communications, contrary to Title 18, United States Code, Section 1343, and all in violation of Title 18, United States Code, Section 1349.

     GARRIDO was the president, director and registered agent of G & C Investment Corp. ("G&C"), which was a Florida corporation that purportedly had "relationships with suppliers, buyers, and sellers of fuel and sugar products" and acted as a commodities trader. G&C claimed to "have developed close ties with the most important people in the industry."

     In or around 2010, GARRIDO approached potential investors and promoted himself as someone who could generate large sums of money in return for a relatively small advance fee. In or around 2010, GARRIDO began receiving investor funds via U.S. mail and bank wires, and depositing their money into bank accounts he controlled. In return for money detained from investments in advance, GARRIDO promised to generate staggering returns of 15 times, 20 times, or more of an investor's advance fee. GARRIDO promised to provide returns within a short time

EXHIBIT A

frame, typically 30 to 45 banking days. GARRIDO eased investor concerns about the safety and security of their principal by having investors transfer their money to Block, a co-conspirator attorney escrow account, where, according to GARRIDO, the funds could not be transferred from the attorney to GARRIDO before GARRIDO generated returns on the investments. In truth, after investors wired their money to the account, the attorney took a portion of the funds for his own benefit and wired the rest of the advanced fee money to GARRIDO.

GARRIDO also guaranteed the safety of investors' principal by stating that he owned U.S. Treasury Notes and claimed the notes as collateral. In truth, the U.S. Treasury Notes did not exist. Furthermore, GARRIDO and his co-conspirators used false and fraudulent emails from a financial advisor at a financial institution purporting to vouch for the existence of the notes. GARRIDO also guaranteed the safety of investors' principal by claiming that he held a standby letter of credit from JP Morgan Chase as collateral. In truth, the standby JP Morgan Chase letter of credit did not exist. Furthermore, GARRIDO and his co-conspirators used false and fraudulent financial documents to investors to vouch for the existence of the standby letter of credit.

This Defendant and his co-conspirators made numerous materially false and fraudulent statements to investors and withheld material facts, including, but not limited to; that banking instruments provided to investors by GARRIDO, including but not limited to a $30,000,000 "Standby Letter of Credit" from JP Morgan Chase, were legitimate and authentic banking instruments; that GARRIDO never had funds to repay investors' principal or returns; that GARRIDO and his co-conspirators would use nearly all the investor funds for their personal benefit.

Date: 5/23/19

By: _____
Roger Cruz
Assistant United States Attorney

Date: 5\23\19

By: _____
Samuel Rabin
Attorney for Defendant

Date: 5/23/19

By: _____
Jorge Garrido
Defendant

2

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| In re: G&C Investment Corp. | | | | | | | | |
| Case No.: 17-20150-LMI | | | | | | | | |
| | | | | | | | | |
| Transfers To American Eagle Services Group Inc. | | | | | | | | |
| from April 6, 2016 through April 11, 2016 | | | | | | | | |
| | | | | | | | | |
| **Bank Name** | **Account Name** | **Account No.** | **Date** | **Type** | **Check No.** | **Payee** | | **Amount** |
| | | | | | | | | |
| Citibank | G&C Investment Corp. | 9139693233 | 04/06/16 | Wire | N/A | American Eagle Services Group Inc. | $ | (250,000.00) |
| Citibank | G&C Investment Corp. | 9139693233 | 04/11/16 | Wire | N/A | American Eagle Services Group Inc. | | (150,000.00) |
| | | | | | | **American Eagle Services Group Inc. Total** | $ | **(400,000.00)** |

EXHIBIT B



AESG CAPITAL, INC
A DIVISION OF
AMERICAN EAGLE SERVICES GROUP, INC
New York, NY. 10005
Phone: (646) 820-3142 | Fax: On Demand
www.AESGCapital.com
www.Americaneagleservicesgroup.com

## MOU & WORKING AGREEMENT

**Private & Confidential**
**AESG Capital Agreement Code:**
**AESG  - Jorge Garrido**

This Private Funding Agreement dated this 6th Day of April 2016 is made by AESG Capital, Inc.

And between the undersigned

Jorge Garrido, CEO / President
G&C Investment Corp
Fax: 858 408 4555


USA Office
1200 Brickell Ave.
18th Floor
Miami, FL 33131

Hereinafter referred to as "PARTICIPANT(S)"



RECITALS

Whereas, AESG has an existing relationship with a Bank Trade Group which offers a limited investment opportunity that requires a total participation fee of $1,000,000.

Whereas, G & C Investments has $400,000 to invest in a short-term SBLC monetization opportunity for a shared interest of proceeds derived from the completion of the transaction.

Whereas, AESG will arrange for the balance of funding that is sufficient to initiate the SBLC monetization transaction.

After receiving the $400,000.00 AESG will procure an SBLC. AESG has the availability of such an instrument and will procure the same immediately upon receipt of the funds from G&C, and will notify G&C when the SBLC is obtained.

EXHIBIT C



AESG CAPITAL, INC
A DIVISION OF
AMERICAN EAGLE SERVICES GROUP, INC
New York, NY. 10005
Phone: (646) 820-3142 | Fax: On Demand
www.AESGCapital.com
www.Americaneagleservicesgroup.com

## MOU & WORKING AGREEMENT

**Private & Confidential**
**AESG Capital Agreement Code:**
**AESG  - Jorge Garrido**

Whereas, AESG will secure a $50M SBLC from a top tier bank to be delivered in one tranche.

When the SBLC is obtained AESG will arrange for an investment program to commence with in a manner to allow the return to be paid to G&C within 2/3 business days after delivery to AESG of the $400,000.

Within said 2/3 business days AESG will pay to the account designated by G&C below the sum of $4,000,000, less nominal bank delivery fees.

AESG is responsible for all aspects of the transaction other than delivery of the $400,000.00 and if any of the process shall fail there shall be a default and AESG will immediately return to G&C the $400,000.00.  If any of the above timing shall not be met it shall be considered a default triggering return of the $400,000.00, whether or not a SBLC has been purchased by AESG.

NOW THEREFORE, the parties have agreed as follows:

Incorporation of Recitals
The above Recitals are hereby incorporated into this agreement as if first herein written.

Obligation and Profit Distribution.

G & C Investments shall receive $4,000,000 from the net proceeds derived from the SBLC monetization transaction.   The payments of $4,000,000 shall be transferred to G & C Investments nominated bank account as noted below:





**AESG CAPITAL, INC**
**A DIVISION OF**
**AMERICAN EAGLE SERVICES GROUP, INC**
New York, NY. 10005
Phone: (646) 820-3142 | Fax: On Demand
www.AESGCapital.com
www.Americaneagleservicesgroup.com

# MOU & WORKING AGREEMENT

**Private & Confidential**
**AESG Capital Agreement Code:**
**AESG  - Jorge Garrido**

<u>G&C Investments Coordinates for receipt of Net Proceeds -  (Total: $4,000,000)</u>

| TRANSACTION PAYMASTER – Banking Account Information & Coordinates | |
|---|---|
| BANK NAME | BMO Harris Bank |
| BANK ADDRESS | 500 Half Day Road, Buffalo Grove, IL 60089 |
| BANK OFFICER | Sylwia Pacyk |
| BANK OFFICER TELEPHONE/FAX |  847-876-8404 |
| BANK OFFICER E-MAIL ADDRESS | Sylwia.pacyk@bmo.com |
| ABA BANK ROUTING CODE | 071025661 |
| SWIFT CODE1 | HATRUS-44 |
| ACCOUNT NAME |  David Feltman d/b/a The Law Office of David Feltman Client |
| ACCOUNT HOLDER'S ADDRESS |  56 Carlyle Lane, Buffalo Grove, IL 60089 |
| ACCOUNT HOLDER'S TELEPHONE | 847-609-4230 |
| ACCOUNT NUMBER |  4810126757 |
| PAYMASTYER NAME | David Feltman d/b/a The Law Office of David Feltman |
| PAYMASTER PASSPORT1 | USA 479681417 |
| PAYMASTER TELEPHONE//EMAIL |  847-609-4230/ feltmanlaw22@gmail.com |

Asset Management, Commodities, Capital Markets





**AESG CAPITAL, INC**
**A DIVISION OF**
**AMERICAN EAGLE SERVICES GROUP, INC**
New York, NY. 10005
Phone: (646) 820-3142 | Fax: On Demand
www.AESGCapital.com
www.Americaneagleservicesgroup.com

## MOU & WORKING AGREEMENT

**Private & Confidential**
**AESG Capital Agreement Code:**
**AESG  - Jorge Garrido**

NON-PERFORMANCE/DEFAULT. If for any reason AESG should fail to receive any proceeds from the SBLC monetization transaction in the timeframe herein specified, then a default of this Agreement shall be deemed to have occurred.  In the event of default AESG shall return $400,000 to G&C Investments designated bank account within 48 hours of default declaration.

Applicable Law. The terms and provisions of this Agreement shall be interpreted in accordance with the laws of the United States of America.

Attorney's Fees  &  Costs. Should any litigation arise out of this agreement, each party shall pay its own attorney's fees and costs but the guilty party shall reimburse all expenses of the counter party upon resolution.

Entire Agreement. This Agreement terminates and replaces all prior Agreements, either written, oral, or implied, between the parties hereto, and constitutes the entire agreement between the parties.

Amendment.  All amendments of this Agreement must be in writing signed by all parties.

Indemnification. Each party agrees to defend, indemnify, and hold the other party harmless from all claims, demands, and liabilities arising from that party's actions, past, present and future.

Confidentiality. All  information  obtained  by  all parties regarding  the transaction and deal  shall  be  held  in strictest confidence, and may  not  be  released without  the advance written permission of the other party.

Note: Electronic Signatures on this MOU are acceptable and legally binding.

Agreed to and signed on this 6th day of April, 2016 by:



Asset Management, Commodities, Capital Markets

**Page 4 of 7**

**AESG CAPITAL, INC**
**A DIVISION OF**
**AMERICAN EAGLE SERVICES GROUP, INC**
New York, NY. 10005
Phone: (646) 820-3142 | Fax: On Demand
www.AESGCapital.com
www.Americaneagleservicesgroup.com

## MOU & WORKING AGREEMENT

**Private & Confidential**
**AESG Capital Agreement Code:**
**AESG  - Jorge Garrido**

**ACCEPTED AND AGREED WITHOUT CHANGE:**

| | |
|---|---|
| Date signed: | 4/6/2016 |
| Name: | Jorge Gorrido |
| Title: | CEO |
| Company: | G&C investment corp |
| Telephone No.: | 305-803-7272 |
| Email address: | garrido@gcinvestmentcorp.com |
| Signature: | DocuSigned by: *Jorge Gorrido* DC8FF25B4EC8403... |

DocuSign Envelope ID: DBEEC5D8-16E9-4532-A3F6-781B600F2482



**AESG CAPITAL, INC**
**A DIVISION OF**
**AMERICAN EAGLE SERVICES GROUP, INC**
New York, NY. 10005
Phone: (646) 820-3142 | Fax: On Demand
www.AESGCapital.com
www.Americaneagleservicesgroup.com

## MOU & WORKING AGREEMENT

**Private & Confidential**
**AESG Capital Agreement Code:**
**AESG  - Jorge Garrido**

For AESG Capital:

| | |
|---|---|
| Date signed: | 4/6/2016 |
| Signatory's Name: | Paul Maucha |
| Title: | Principal |
| Company: | AESG Capital Inc. |
| Telephone No.: | 646-820-3142 |
| Email address: | paul@aesgcapital.com |
| Signature: | DocuSigned by:<br>*[signature]*<br>7FE4908E19C9416... |

**This agreement constitutes an entire understanding and cannot be modified unless agreed to in writing and signed by all parties. This agreement is**

Asset Management, Commodities, Capital Markets



AESG CAPITAL, INC
A DIVISION OF
AMERICAN EAGLE SERVICES GROUP, INC
New York, NY. 10005
Phone: (646) 820-3142 | Fax: On Demand
www.AESGCapital.com
www.Americaneagleservicesgroup.com

## MOU & WORKING AGREEMENT

**Private & Confidential**
**AESG Capital Agreement Code:**
**AESG  - Jorge Garrido**

**binding on the parties aforementioned, their heirs and assigns and all others succeeding in the interest to any party either directly or indirectly.**

**Funds Wiring Instructions:**

American Eagle Services Group, Inc.
1231 B. Good Hope Rd. SE.
Washington, DC. 20020
Bank of America
Account # 0022 6004 4370
Routing # 026009593
Swift Code BOFAUS3N



Asset Management, Commodities, Capital Markets